IN THE MATTER OF THE ESTATE OF ADAM BEYER, DECEASED.

*Benefit Society—Death of beneficiary before member—Who entitled to benefits.*

Under the laws of a benefit society, which provided that in the event of the death of a beneficiary selected by a member before the decease of such member, if he should make no other disposition thereof, the benefits should be paid to the heirs of the deceased member, a benefit certificate made payable to the wife of a member who survived her, and who died intestate without issue leaving brothers and sisters and without changing the original certificate, is payable to them and not subject to the payment of his debts: And it is not material whether the certificate was issued by a foreign or domestic corporation.

*Decided September 4, 1885.*

ADAM BEYER, in his life-time, was a member of Concordia Lodge of Cincinnati, a subordinate lodge of the Order of Knights of Honor, a corporation existing under the laws of Kentucky. Under the general laws of the association, every member was entitled to a benefit certificate, payable after his death, stipulating

Estate of Adam Beyer, Deceased.

the payment of a sum, not to exceed two thousand dollars, to be paid to his family or as he might direct.

In this case Beyer directed the payment to be made to his wife and the certificate was issued accordingly. He survived her, and died intestate without issue, but leaving brothers and sisters, and without changing the original certificate.

Col. Tafel having been appointed administrator of Beyer's estate, the $2,000 was paid to him by the association, without the knowledge and consent of the heirs, and he holds the same to abide the order of the court in determining whether the amount is assets in his hands, subject to the payment of the debts.

*Gustav Tafel*, for administrator.

*Gray & Tishbein*, for heirs.

GOEBEL, J.

It is contended, on behalf of the creditors, that this amount is subject to the payment of the debts of Beyer's estate, and assets in the hands of the administrator for that purpose ; that the association is a corporation of Kentucky, and that the administrator, having received the amount as such administrator, it became assets in his hands to be administered upon by him.

In my judgment, it would make no difference whether this certificate was issued by a foreign corporation or not. The question is, who is entitled to this money under the contract ?

Under section 4 of the general laws of this association, Beyer had a right to direct to whom this benefit should be paid. He had a right, under section 5, to surrender this certificate and direct to whom a new certificate is to be made payable. Under section 6, in case of the death of one of the beneficiaries, if there are more than one, it shall be paid to the survivor, unless the member had made a previous disposition thereof. And under section 7, in the event of the death of all of the beneficiaries selected by the member before the decease of such member, if he shall make no other or further disposition thereof, the benefits shall be paid to the heirs of the deceased member.

Beyer having made the certificate payable to his wife and having survived her, dying without having changed the same, and leaving no issue, his brothers and sisters under the contract, are entitled to the benefits.

Where a corporation whose charter makes such certificate the exclusive property of the beneficiaries, the same is to be treated as a contract of life insurance, under the rule laid down in the case of *State* v. *The Standard Life Association*, 38 O. S. 281, and the proceeds of such certificate are exempt from the debts of the decedent.

Nor can an administrator by his act, without their knowledge and consent by accepting this money,

bind the heirs; nor did such money under such circumstances, become assets in his hands and subject to the payment of the debts of the decedent.

The exceptions to the inventory will be overruled.

NOTE.—Affirmed by the Common Pleas Court and Circuit Courts.